IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JRS PARTNERS, GP, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:17-cv-01258 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CHRIS WARREN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Motion for Preliminary Approval of Settlement Agreement, Entry of an Order Providing for Notice and Consideration of Final Approval of Settlement Agreement and Certain Injunctive and Related Relief (Doc. No. 106), filed by counsel for Plaintiffs. For the reasons set forth herein, the Motion is **DENIED**. The Court previously identified serious concerns about the proposed Settlement Agreement and Order approving same. Those concerns have not been alleviated by the parties' additional filings.

The Court's primary concern is the proposed injunction that is absolutely essential to the Settlement Agreement. Under the contemplated order giving final approval to the Settlement Agreement, the Court would enjoin non-parties (*i.e.,* non-parties to the captioned suit and to the Settlement Agreement) from suing Investor Group 2, which (although a party to the Settlement Agreement) is a non-party to this action. The Court is very hesitant ever to enjoin non-parties (especially in order to protect a party that is not even a party to any filed case), and will not do so unless convinced it has the authority to do so. The Court is not convinced in this case. Among other things, it is not convinced that the proposed injunction would be merely "effectuat[ing]" one

of its orders or "preserv[ing] its ability to render a judgment in a case over which it has jurisdiction," as suggested by Plaintiffs. (Doc. No. 116 at 9).

Moreover, the Court categorically rejects the notion that this case is appropriate for an injunction under Fed. R. Civ. P. 65 or under 28 U.S.C. § 2361. For the reasons previously stated to counsel by the Court, the Court will not enjoin these non-parties under Rule 65.

Moreover, 28 U.S.C. § 2361 (relied upon by Plaintiffs) applies to actions of interpleader or "in the nature of interpleader," and this case is neither. The proposed settlement arrangement is not an interpleader, because, among other things, 28 U.S.C. § 1335(a)(2) requires that an interpleading party (usually the plaintiff who brings the interpleader action) deposit the money or property at issue into the registry of the court (or give a bond equal thereto), and no such deposit has been made here.[1] Moreover, what is being "offered up" in this case is not the full amount of the claims against Investor Group 2; rather, it is something less *(i.e.,* whatever amount Investor Group 2 has agreed to put up pursuant to settlement negotiations with some, but far from all, claimants or potential claimants). Indeed, Plaintiffs have explained that they and Investor Group 2 have specifically declined to proceed by way of actual interpleader.

Plaintiffs represent that their proposed settlement arrangement is in the nature of an interpleader, but the Court cannot just assume that characterization is accurate, and in fact it is not. Although Plaintiff fails to provide an authoritative definition of "in the nature of an interpleader," the Court has looked into this. The term does not refer to just any action—or, in this case, settlement protocol— that at least ostensibly has some features in common with a true interpleader

---

[1] A single, identifiable fund is a prerequisite to an interpleader action. *Carson v. Chilkewitz,* No. 16-14079, 2019 WL 2433490, at * 2 (E.D. Mich. June 11, 2019). The interpleading party should pay into the registry of the Court the highest amount for which it ultimately may be liable. *CNA Ins. Cos. v. Waters,* 926 F.2d 247, 249 (3d Cir. 1991).

2

action.[2] One who files a bill "in the nature of interpleader" reserves at least some right to those funds. *Tittle v. Enron Corp.,* 463 F.3d 410, 424, n. 11 (5th Cir. 2006). An "action in the nature of interpleader" is a term of art that refers to those actions in which an interpleading party asserts an interest in the subject matter of the dispute. *Hussain v. Boston Old Colony Ins. Co.,* 311 F.3d 623, 631 (5th Cir. 2002). In an action in the nature of interpleader, the interpleading party is itself a claimant. *Pan Am. Fire & Cas. Co. v. Revere,* 188 F. Supp. 474, 477 (E.D. La. 1960); *MFA Mut. Ins. Co. v. Lusby*, 295 F. Supp. 660, 663 (W.D. Va. 1969). Thus, an action in the nature of an interpleader is essentially an interpleader action, but with the added feature that the interpleading party asserts a claim to some or all of the interpleaded funds. Not so here. As discussed above, under the proposed settlement arrangement there is no interpleader; nor is there a claim by Investor Group 2 to any of the funds it is offering up.[3]

The Court also rejects the notion that this case is like a garnishment, *de facto* or otherwise. Plaintiffs are not garnishing anything through this proposed settlement. Rather, Plaintiffs are settling their disputed claims, and attempting to settle non-party claimants' disputed claims, against (Investor Group 2) a third party that is allegedly on the hook for Plaintiffs' existing judgment. Investor Group 2 thus stands in stark contrast to a true garnishee (typically a bank holding a defendant's (judgment debtor's) money; unlike Investor Group 2 here, such a bank could

---

[2] Even if this is what the term meant, the Court does not believe that it would apply here, since the proposed settlement arrangement diverges so significantly from a true interpleader action.

[3] Even if an injunction somehow *could* be issued under 28 U.S.C. § 2361, such issuance would be at the Court's discretion. *See Liffman v. Orangetree Properties, LLC*, No. 1:18-CV-882, 2019 WL 316521, at *9 (N.D. Ohio Jan. 23, 2019) (declining to issue an injunction under 28 U.S.C. § 2361 in interpleader action brought under 28 U.S.C. § 1335, because "courts enjoy discretion to decide whether to permanently enjoin claimants from initiating other proceedings that could affect" the interpleaded fund). The Court would decline to do so in light of its great reluctance to enjoin non-parties and the fact that, as far as the Court is aware, "[t]here is 'no real [as opposed to theoretical] threat' of additional lawsuits against" Investor Group 2. *Id.*

not (and would have no incentive to) compromise via settlement negotiations the amount of the judgment-debtor's funds to be obtained by judgment creditors. This settlement arrangement is not, and not like, a garnishment.

Moreover, the Court is not convinced that it has "in rem" jurisdiction over this case, because there is no "res." The alleged "res" apparently is whatever amount of money Investor Group 2 has agreed to put up as settlement proceeds, not the total amount allegedly due and owing. The Court cannot accept that a cognizable res can consistent of an amount of non-specific funds equal to whatever settlement amount an allegedly liable party agrees to pay. So even if fungible funds sufficient to pay the full known amount of a debt could constitute a res for purposes of in rem jurisdiction, there still would be no res here. Furthermore, as noted above, the alleged "res" has not been deposited in this Court.

Plaintiffs' citation to *Sec. & Exchange Comm'n. v. Edwards,* No. 2:17-cv-00393 (D. N.J. June 27, 2019) is not persuasive. That case involved a Receiver, appointed by the court to represent the interests of the creditors. The court had authority to appoint a Receiver under those circumstances to marshal assets for the benefit of creditors. The court's order expressly gave the Receiver the power to pursue possible claims against third parties. (*Id*. at 5). "Settlement and compromise are a normal part of the process of a receivership." (*Id.* at 10). The Indentures at issue in that case expressly vested in the Indenture Trustee the right to exercise rights and remedies on behalf of the Bondholders.(*Id*. at 30). Neither the Court nor any of the alleged non-party claimants in this case has given Plaintiffs such authority in this case. Other cases cited by Plaintiffs involving a government agency exercising its statutory official enforcement authority are inapplicable here as well.

Finally, the Court has grave doubts about its jurisdiction to issue the order approving the proposed settlement, because it apparently is an attempt to have the Court assert "ancillary jurisdiction" in what is actually a subsequent lawsuit to impose, upon a party not already liable for the judgment, an obligation to pay on an existing federal judgment. "Ancillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party." *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). Plaintiffs' attempt to distinguish *Peacock* (on the grounds that there is no separate lawsuit here between Plaintiffs and Investor Group 2) proves too much; the fact that there is no separate lawsuit actually hurts Plaintiffs' position. Indeed, Plaintiffs have cited no precedent for exercising jurisdiction in this manner, *i.e.*, jurisdiction within a single lawsuit, over a non-party (Investor Group 2) and over non-party potential claimants. The Court sees no precedent for exercising jurisdiction over, and approving, a very complicated settlement within the context of an existing lawsuit to which one of the settling sides is not a party. That being so, what *Peacock* deems impermissible when done in a separate lawsuit can hardly become permissible merely because it is done within an existing lawsuit.

The Court is aware that Investor Group 2 consents to such exercise of jurisdiction, provided it is exercised on *Investor Group 2's* terms. Such consent, however, does not make it a correct exercise of the Court's ancillary jurisdiction, which the Court would exercise only when convinced that it actually exists under the law.

## CONCLUSION

The Court has considerable appreciation for the efforts of Plaintiffs and Investor Group 2 to settle Plaintiffs' claims. The Court likewise respects Plaintiffs' counsel's attempts to effectuate a very creative solution for their clients. The Court does not begrudge the two sides and their counsel pursuing their interests in this manner, and the Court has endeavored to discern any basis

5

on which the two aides' joint request could be granted. But the Court has to look out for its own interests, which, in this context, means forgoing an injunction that it has little doubt cannot and at the very least should not be issued. Absent the issuance of the injunction, which seems to be the linchpin of the settlement agreement, the settlement agreement is futile and thus cannot and will not be approved.

For all these reasons, Plaintiffs' Motion for Approval of Settlement (Doc. No. 106) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE