IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JRS PARTNERS, GP, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) NO. 3:17-cv-01258 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| CHRIS WARREN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is an Amended Motion to Dismiss (Doc. No. 138, "Motion")[1] filed by *pro se* Defendant Brandy Warren ("Defendant" or "Ms. Warren"), to which Plaintiffs have filed a response (Doc. No. 144).

**BACKGROUND**

As the Court has explained before (Doc. No. 136), this case centers around a complicated Ponzi scheme. Plaintiffs asserted 19 counts against various Defendants who allegedly perpetrated securities fraud via their promotion and sales of purported securities that underlay the Ponzi scheme. (Doc. No. 84). The Counts of the Amended Complaint that are alleged against Ms. Warren are Count Ten (Conversion), Count Fifteen (Fraudulent Transfer), and Count Eighteen (Unjust Enrichment).[2] Plaintiffs alleged that Ms. Warren conspired with the other Defendants to exercise control over monies provided by Plaintiffs to the fraudulent scheme (Count Ten);

---

[1] Ms. Warren did not file a supporting Memorandum of Law as required by Local Rule 7.01(a)(2).

[2] Plaintiffs also sought, in Count Nineteen, an accounting from all Defendants.

received more than $3,900,000 of fraudulent scheme proceeds through fraudulent transfers (Count Fifteen); and was unjustly enriched by those fraudulent payments (Count Eighteen).

Via the Motion, Defendant asks the Court to dismiss this action against her based on improper venue and lack of personal jurisdiction. (Doc. No. 138). Defendant asserts that she is, and was during all relevant time periods, a resident of Florida. She claims Plaintiffs cannot show that she received any alleged transfers of fraudulent funds in Tennessee.

Plaintiffs' response is grounded on the fact that Defendant previously filed a Motion to Dismiss. Specifically, as part of (and at the end of her) Answer (Doc. No. 99), Defendant included what she styled as a "Motion to Dismiss,"[3] which the Court ultimately denied on its merits. Plaintiffs contend that Defendant is prohibited from filing a second motion to dismiss under Fed. R. Civ. P. 12(g)(2), which provides: "Except as provided in Rule 12(h)(2) or (3)[4], a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Thus, when Defendant filed her amended motion to dismiss, raising defenses that were available to her but omitted from her original motion, she violated this Rule 12(g)(2) provision. Plaintiffs' argument on this issue is well-taken, and therefore, the Motion should be denied.

Plaintiffs also argue that Defendant has waived these defenses of improper venue and lack of personal jurisdiction, having not raised them in her Answer or original Motion to

---

[3] Defendant should have filed her motion to dismiss as a document separate from her answer, and also filed a memorandum of law to support the motion. But in consideration of her *pro se* status, the Court accepted the motion to dismiss as if it were properly filed and required Plaintiffs to respond to it. (Doc. No. 101). Plaintiffs then filed their response (Doc. No. 104), and thereafter the Court ruled specifically on the motion, denying it in a written order (Doc. No. 136).

[4] Rule 12(h)(3) allows for the defense of lack of subject-matter jurisdiction to be raised at any time.

Dismiss. Rule 12(h)(1) of the Federal Rules of Civil Procedure provides that a party waives any defense listed in Rule 12(b)(2)-(5)[5] by omitting it from a motion in the circumstances described under Rule 12(g)(2)[6] or by failing to either make it by motion under Rule 12 or include it in a responsive pleading.[7] As the Court previously noted in denying Defendant's first motion to dismiss, that motion was grounded solely (and non-meritoriously) on a simple denial by Defendant of any knowledge of or involvement or participation in the alleged fraudulent scheme. (Doc. No. 136 at 3-4). Defendant did not raise, in either her Answer or her original Motion to Dismiss, the affirmative defenses of improper venue or lack of personal jurisdiction, even though those defenses were available to her at that time. Plaintiffs' arguments on this issue are also well-taken.

Defendant did not file a reply to Plaintiffs' arguments, so she has not shown that her amended motion to dismiss somehow overcomes these challenges. Accordingly, the Motion must be denied.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] Lack of personal jurisdiction is the defense listed in Rule 12(b)(2), and improper venue is the defense listed in Rule 12(b)(3).

[6] Those circumstances allow certain defenses (not those at issue here) to be brought by a Rule 7(a) pleading, a motion for judgment on the pleadings, or at trial.

[7] This rule (Rule 12(h)(1)) sounds similar to Rule 12(g)(2) in nature and effect, but it is both technically and (at least arguably) substantively distinct, and so the Court address this rule separately.